FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2018 APR 13 AM 9:29
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

IN RE APPLICATION OF POLA )
MARITIME LTD., for an order )
pursuant to 28 U.S.C. § 1782 )
to conduct discovery for use ) CASE NO. CV416-333
in foreign proceedings, )
)
Applicant. )
_____ )

## O R D E R

Before the Court is Respondents Agribusiness United Multi Commodities ("Agribusiness United") and Agribusiness United North America Corporation's ("Agribusiness North America") Objection (Doc. 28) to Order of the Magistrate Judge (Doc. 27) denying their Motions to Quash Subpoena (Doc. 9; Doc. 10; Doc. 11). In their objection, Respondents argue that the Magistrate Judge misapplied applicable law. (Doc. 28 at 1.) For the following reasons, Respondents' objection is **OVERRULED**.

### BACKGROUND

This case involves a claim Applicant Pola Maritime Ltd. has pending against Agribusiness United DMCC (Dubai), LLC ("Agribusiness Dubai") and Agribusiness United Savannah Logistics, LLC ("Agribusiness Savannah") before the London Maritime Arbitration Association ("LMAA"). (Doc. 28 at 1-2.) Applicant chartered the M/V Schelde from Agribusiness

Savannah to transport corn and soybean meal from Argentina to Morocco. (Doc. 27 at 2.) In the arbitration proceeding, Applicant contends that the cargo was discharged "without presentation of the original bills of lading and against letters of indemnity." (Doc. 1, Attach. 1 at 3.) Applicant alleges that Agribusiness Savannah was actually acting as the agent of Agribusiness Dubai, whom was undisclosed at the time. (Doc. 27 at 2.) As relief in the LMAA proceeding, Applicant seeks indemnity against Agribusiness Savannah and Agribusiness Dubai for the misdelivered cargo, and damages for outstanding demurrage charges. (Id. at 2-3.)

In this case, Applicant seeks documents that it believes will establish the interrelated nature of the various Agribusiness entities, most importantly Agribusiness Savannah and Agribusiness Dubai. (Id. at 3.) Applicant seeks documents from Respondents Agribusiness United and Agribusiness North America, neither of which are parties to the LMAA proceedings. (Id. at 1.) Respondents seek to quash the subpoenas.

The Magistrate Judge denied Respondents' Motions to Quash. (Id.) In his order, the Magistrate Judge concluded that 18 U.S.C. § 1782 authorized the subpoenas because the LMAA proceedings qualified as a foreign tribunal and the discretionary factors identified in Intel Corp. v. Advanced

2

Micro Devices, Inc., 542 U.S. 241, 247 (2004), favor permitting the discovery. (Doc. 27 at 4-10.) Respondents have objected to the Magistrate Judge's conclusions and asked this Court to reverse the denial of their Motions to Quash. (Doc. 28.)

**ANALYSIS**

As an initial matter, this Court concludes that the Magistrate Judge's denial of Respondents' Motions to Quash is a ruling on a nondispositive matter. Respondents argue that the Magistrate Judge's ruling is a dispositive order subject to de novo review because "it constitutes Pola's entire objective in this matter." (Id. at 4 n.5.) However, this Court disagrees with Respondents' characterization. While the Magistrate Judge's order is dispositive to this discovery issue, it is not dispositive to the ultimate resolution of Applicant's dispute with Agribusiness Savannah and Agribusiness Dubai. In short, the order is nondispositive because it does not address the ultimate merits of Applicant's claims for relief in the LMAA proceeding. Moreover, the majority of persuasive authority has reached the same conclusion. See, e.g., In re Sergeeva, No. 1:13-CV-3437, 2015 WL 12866970, at *2 (N.D. Ga. Feb. 6, 2015) (applying clearly erroneous or contrary to law standard to the magistrate judge's order denying motion to

quash discovery sought under § 1782); see also Republic of Ecuador v. For Issuance of a Subpoena Under 28 U.S.C. Sec. 1782(a), 735 F.3d 1179, 1182 (10th Cir. 2013) (noting that in § 1782 proceeding "there is nothing to be done 'on the merits' " because only issue before district court is discovery); Siemens AG v. W. Dig. Corp., No. 2:13-CV-01407, 2014 WL 1569605, at *2 (C.D. Cal. Apr. 17, 2014) (finding that magistrate judge's ruling on § 1782 application for judicial assistance is non-dispositive); In re Application of Consellior SAS, No. 13mc34(WWE), 2014 WL 111110, at *3 (D. Conn. Jan. 10, 2014) (same); Republic of Ecuador v. Bjorkman, No. 11-cv-01470, 2011 WL 5439681, at *1 (D. Colo. Nov. 9, 2011) (same); In re Chevron Corp., No. 1:10-MI-0076, 2010 WL 8767265, at *2 (N.D. Ga. Mar. 2, 2010) (same); Weber v. Finker, No. 307-MC-27-J-32MCR, 2008 WL 2157034, at *1 (M.D. Fla. May 20, 2008) aff'd, 554 F.3d 1379 (11th Cir. 2009) ("[T]he Court holds that the United States Magistrate Judge had the authority to enter an Order, as opposed to a Report and Recommendation, on the motion to compel, filed pursuant to 28 U.S.C. § 1782."); In re Oxus Gold PLC, NO. MISC 06-82, 2007 WL 1037387, at *2 (D.N.J. Apr. 2, 2007); In re Duizendstraal, No. 3:95-MC-150-X, 1997 WL 195443, at *1 (N.D. Tex. Apr. 16, 1997) ("The non-dispositive nature of Applicants' discovery

4

request pursuant to 28 U.S.C. § 1782 dictates that the 'clearly erroneous' standard be applied in the present matter. The Order at issue is procedural and fails to address any substantive issues. The Order terminates the current proceeding only because of the procedural posture inherent in the application of § 1782.").

As a ruling on a nondispositive matter, this Court's review of the Magistrate Judge's decision is governed by Federal Rule of Civil Procedure 72. Under Rule 72, this Court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); see 18 U.S.C. § 636(b)(1)(A) (authorizing magistrate judge to decide nondispositive matters, which district court may reconsider "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law").

This standard—clearly erroneous or contrary to law—is exceedingly deferential. Pigott v. Sanibel Dev., LLC, No. 07-0083-WS-C, 2008 WL 2937804, at *5 (S.D. Ala. July 23, 2008) (citing Dochniak v. Dominium Mgmt. Servs., Inc., 240 F.R.D. 451, 452 (D. Minn. 2006)). A ruling is clearly erroneous where either the magistrate judge abused his discretion or the district court, after reviewing the entirety of the record, " 'is left with a definite and firm

conviction that a mistake has been made.'" Id. (quoting Murphy v. Gardner, 413 F. Supp. 2d 1156, 1162 (D. Colo. 2006)). A decision by the magistrate judge is contrary to law where it either fails to follow or misapplies the applicable law. Id. (quoting S.E.C. v. Cobalt Multifamily Inv'rs I, Inc., 542 F. Supp. 2d 277, 279 (S.D.N.Y. 2008)).

Reviewing the record in this case, the Court is unable to conclude that the Magistrate Judge's conclusion was either clear error or contrary to law. While the Eleventh Circuit has not dispositively spoken to the issue, it has strongly suggested that the LMAA qualifies as a foreign tribunal under § 1782. Application of Consorcio Ecuatoriano de Telecomunicaciones S.A. v. JAS Forwarding (USA), Inc., 747 F.3d 1262, 1270 (11th Cir. 2014) ("Moreover, in Intel the Court suggested in dicta that '[t]he term "tribunal" . . . includes investigating magistrates, administrative and arbitral tribunals, and quasi-judicial agencies, as well as conventional civil, commercial, criminal, and administrative courts.'" (alteration in original) (quoting Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 244 (2004))). In light of the dicta in both Consorcio and Intel, the Court is inclined to agree with the Magistrate Judge that the LMAA qualifies as a foreign tribunal under the language of § 1782 because the LMAA's decisions are

subject to review in English courts under the English Arbitration Act of 1996. (See Doc. 27 at 6.) At the very least, this Court is unable to find that the Magistrate Judge's ruling was either clear error or contrary to law.

In addition, the Court can find no error in the Magistrate Judge's assessment of the Intel factors. These factors, which are entirely discretionary, direct courts to consider

> (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding," because "the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is otherwise "unduly intrusive or burdensome."

In re Clerici, 481 F.3d 1324, 1334 (11th Cir. 2007) (quoting Intel, 542 U.S. at 264-65). After reviewing the record, this Court agrees with the Magistrate Judge that the Intel factors weigh in favor of granting discovery.

First, Respondents are not parties to the arbitration proceedings. Second, there is nothing about the nature of the tribunal or character of the proceedings that suggests permitting discovery would be inappropriate. Despite

Respondents' argument, the Court does not believe that Applicant is "attempt[ing] to manipulate United States court processes for tactical advantage." (Doc. 28 at 13 (quoting Republic of Pakistan v. Biedermann Int'l, 168 F.3d 880, 883 (5th Cir. 1999)).) Third, there is nothing in the record to suggest that Applicant is trying "to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." Clerici, 481 F.3d at 1334 (quoting Intel, 542 U.S. at 265). Because they are currently not parties to the arbitration, Applicant is unable to obtain discovery from Respondents in that forum. As a result, the Court finds that Applicant is not required to first attempt obtaining discovery from Agribusiness United and Agribusiness North America according to the rules of the LMAA, which lack any mechanism for seeking discovery from a non-party, prior to petitioning this Court under § 1782. Finally, the Court does not believe that the requested discovery is unduly intrusive or burdensome. Respondents' entire argument with respect to this factor is that the requested discovery is simply irrelevant. However, this Court agrees with the Magistrate Judge that the requested information is relevant to determining the "corporate structure and interplay of the various Agribusinesses." (Doc. 27 at 10.) In any event, this

Court's review has failed to find any decisions by the Magistrate Judge that are clear error or contrary to law.[1] Accordingly, Respondents' objections are overruled.

## CONCLUSION

For the foregoing reasons, Respondents' Objection (Doc. 28) to Order of the Magistrate Judge denying their Motions to Quash Subpoena is **OVERRULED**.

SO ORDERED this 12th day of April 2018.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] The Court notes it would have concluded that Respondents' objections are without merit even under a de novo standard of review.